# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MORALES, | 1:12-CV-01035 AWI GSA HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF |
| v. | HABEAS CORPUS |
| COPENHAVER, Warden, | |
| Respondent. | |
| _____/ | |

Petitioner is a federal prisoner proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## BACKGROUND

At the time of filing, Petitioner was in the custody of the Bureau of Prisons at the United States Penitentiary located in Atwater, California, pursuant to a judgment of the United States District Court, Central District of California, entered on September 27, 2010, following his conviction by plea of guilty to conspiracy to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C. § 846 and 21 U.S.C. §§ 841(a)(1), (b)(1)(B). (Resp't's Answer, Ex. 1, Davis Decl., Attach. 1.) Petitioner was sentenced to serve a determinate prison term of 37 months in federal prison. (Resp't's Answer, Ex. 1, Davis Decl., Attach. 1.)

1   On June 26, 2012, Petitioner filed the instant petition for writ of habeas corpus in this Court.

2   Petitioner alleges that his sentence was not properly calculated and requests an earlier release date.

3   On October 19, 2012, Respondent filed an answer to the petition.  Petitioner did not file a traverse.

**DISCUSSION**

I.  Jurisdiction

6   Writ of habeas corpus relief extends to a person in custody under the authority of the United

7   States.  See 28 U.S.C. § 2241.  While a federal prisoner who wishes to challenge the validity or

8   constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28

9   U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's

10  execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  See, e.g., Capaldi

11  v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  Kingsley v. Bureau of Prisons, 937 F.2d 26, 30

12  n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Brown v. United

13  States, 610 F.2d 672, 677 (9th Cir. 1990).  To receive relief under 28 U.S.C. § 2241 a petitioner in

14  federal custody must show that his sentence is being executed in an illegal, but not necessarily

15  unconstitutional, manner.  See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995)

16  (contending time spent in state custody should be credited toward federal custody);  Jalili, 925 F.2d

17  at 893-94 (asserting petitioner should be housed at a community treatment center);  Barden, 921 F.2d

18  at 479 (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for

19  time spent in state custody);  Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence

20  report used to deny parole).

21  In this case, Petitioner challenges the execution of his sentence.  Therefore, the Court has

22  jurisdiction to consider the petition pursuant to 28 U.S.C. § 2241.

II.  Venue

24  A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the

25  petition in the judicial district of the petitioner's custodian.  Brown, 610 F.2d at 677.  At the time of

26  filing, Petitioner was in the custody of the Bureau of Prisons at the United States Penitentiary in

27  Atwater, California, which is located within the jurisdiction of this Court.  28 U.S.C. § 2254(a);

28  2241(d).  Therefore, venue is proper in this Court.

III.  Exhaustion

A petitioner who is in federal custody and wishes to seek habeas relief pursuant to 28 U.S.C. § 2241 must first exhaust available administrative and judicial remedies. Brown v. Rison, 895 F.2d 533, 535 (9th Cir.1990); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir.1984).  It is only after a petitioner has fully exhausted his administrative remedies that he becomes entitled to present his claims to the federal court. See United States v. Mathis, 689 F.2d 1364, 1365 (11th Cir.1982).  In Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir.1983) (per curiam), the Ninth Circuit explained why a petitioner must first exhaust his administrative remedies before filing for habeas relief: "The requirement of exhaustion of remedies will aid judicial review by allowing the appropriate development of a factual record in an expert forum; conserve the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings. See also Chua Hah Mow, 730 F.2d at 1313.

However, the exhaustion requirement was judicially created; it is not a statutory requirement. Chua Han Mow, 730 F.2d at 1313; Montgomery v. Rumsfeld, 572 F.2d 250, 252 (9th Cir.1978). Because exhaustion is not required by statute, it is not jurisdictional. Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir.1987), cert. dismissed, 488 U.S. 935 (1988); Montgomery, 572 F.2d at 252.  "Where exhaustion of administrative remedies is not jurisdictional, the district court must determine whether to excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." Brown, 895 F.2d at 535.

The Bureau of Prisons has established an administrative remedy procedure governing prisoner complaints. The procedure is set forth at 28 C.F.R. §§ 542.10 et. seq. First, an inmate must attempt to resolve the issue informally by presenting it to staff before submitting a Request for Administrative Remedy.  28 C.F.R. § 542.13.  If dissatisfied with the response, the prisoner may proceed with the formal filing of an Administrative Remedy Request.  28 C.F.R. § 542.14.  Upon denial by the warden of the institution, the prisoner may appeal the decision by filing a complaint with the Regional Director of the Bureau of Prisons.  28 C.F.R. § 542.15.  The Regional Director's

1   decision may be appealed to the General Counsel in Washington, D.C.  Id.  Appeal to the General

2   Counsel is the final step in the administrative remedy process.  Id.

3          Respondent contends that Petitioner has failed to exhaust his administrative remedies.  He

4   states that although Petitioner initiated the administrative process, he did not complete the process by

5   filing with the Regional Director or General Counsel.  Petitioner concedes as much in his petition.

6   However, he states that pursuing his administrative appeals further would have been futile since his

7   alleged release date was fast approaching.  Futility is an exception to the exhaustion requirement.

8   Laing v. Ashcroft, 370 F.3d 994, 1000-01 (9th Cir. 2004), citing S.E.C. v. G.C. George Sec., Inc., 637

9   F.2d 685, 688 n.4 (9th Cir. 1981) ("exceptions to the general rule requiring exhaustion cover

10  situations such as where administrative remedies are inadequate or not efficacious, pursuit of

11  administrative remedies would be a futile gesture, irreparable injury will result, or the administrative

12  proceedings would be void.")  In this case, the Court does not find the administrative process to be

13  futile, as none of the considerations above apply.  There is no reason to find that the administrative

14  procedure would have been inadequate or not efficacious, that further administrative appeals would

15  have been a futile gesture, that irreparable injury would have resulted, or that the administrative

16  proceedings would have been void.  Essentially, Petitioner bypassed the administrative review

17  process believing he would have a better result in the federal courts.  Accordingly, the Court finds

18  Respondent's arguments to be persuasive.  The petition should be dismissed for failure to exhaust.

19  In any case, Petitioner's claims are completely without merit.

20  IV.  Review of Petition

21          On July 21, 2009, Petitioner was sentenced in the Los Angeles County Superior Court to a

22  two-year term for first degree burglary.  (Resp't's Answer, Ex. 1, Davis Decl., Attach. 3.)  On

23  November 24, 2009, Petitioner was temporarily borrowed from state custody via writ of habeas

24  corpus ad prosequendum. While on writ from the State of California, Petitioner was placed on parole

25  from the state sentence effective March 20, 2010.  (Resp't's Answer, Ex. 1, Davis Decl., Attachs. 3,

26  5.)  On September 27, 2010, Petitioner appeared in federal court and was sentenced to a 37-month

27  term.  (Resp't's Answer, Ex. 1, Davis Decl., Attach. 1.)  On October 8, 2010, Petitioner was

28  designated to the United States Penitentiary in Atwater to serve the remainder of his term.  (Resp't's

1    Answer, Ex. 1, <u>Davis Decl.</u>, Attach. 6.)

2         According to the BOP's calculations, Petitioner's began serving his sentence on

3    September 27, 2010, the date he was sentenced.  (Resp't's Answer, Ex. 1, <u>Davis Decl.</u>, Attach. 2.)

4    He was given prior custody credit for September 7, 2008, and from March 21, 2010, through

5    September 26, 2010.  As a result, the release date was computed to be November 24, 2012.

6         Petitioner contends the BOP miscalculated his sentence by failing to award him custody

7    credits for the time he was borrowed by writ of habeas corpus ad prosequendum.  Respondent

8    contends Petitioner is not entitled to credit for this time period since it was awarded against

9    Petitioner's state sentence and Petitioner is not entitled to double credit.

10        The authority to compute a federal prisoner's sentence is delegated to the Attorney General

11   who exercises it through the Bureau of Prisons. <u>United States v. Wilson</u>, 503 U.S. 329, 334-35

12   (1992); <u>Allen v. Crabtree</u>, 153 F.3d 1030, 1033 (9th Cir.1998), *cert. denied*, 525 U.S. 1091 (1999);

13   18 U.S.C. § 3621(a).

14        18 U.S.C. § 3585 provides:

15        (a) Commencement of sentence. - A sentence to a term of imprisonment
          commences on the date the defendant is received in custody awaiting
16        transportation to, or arrives voluntarily to commence service of sentence at, the
          official detention facility at which the sentence is to be served.

17
          (b) Credit for prior custody. - A defendant shall be given credit toward the
18        service of a term if imprisonment for any time he has spent in official detention
          prior to the date the sentence commences -
19
          (1) as a result of the offense for which the sentence was imposed; or
20
          (2) as a result of any other charge for which the defendant was arrested after
21        the commission of the offense for which the sentence was imposed;

22        *that has not been credited against another sentence.*

23   (Emphasis added.)

24        In <u>Wilson</u>, the Supreme Court noted that, under section 3585(b), "Congress made clear that a

25   defendant could not receive double credit for his detention time." 503 U.S. at 337. Thus, under

26   section 3585(b), Petitioner is not entitled to custody credit if it was applied toward another sentence.

27   <u>United States v. Von Willie</u>, 59 F.3d 922, 930-931 (9th Cir.1995); <u>United States v. Kramer</u>, 12 F.3d

28   130, 132 (8th Cir.1993).  In this case, Petitioner was borrowed by federal writ but state authorities

1  retained primary jurisdiction.  The federal writ did not operate to interrupt the state sentence or the

2  jurisdiction of the state, and that time period was credited toward his state sentence.  Thomas v.

3  Brewer, 923 F.2d 1361 (9ᵗʰ Cir.1991).  Pursuant to 18 U.S.C. § 3585(b), Petitioner cannot receive

4  credit for that time toward his federal sentence, as that would constitute unauthorized dual credit. 18

5  U.S.C. § 3585.

6           Petitioner also complains that he was not awarded the proper amount of good time credits.

7  He states he is serving more than the statutory eight-five percent (85%) of his sentence.  As noted by

8  Respondent, Petitioner is entitled to good time credits for good behavior based on his "term of

9  imprisonment."  18 U.S.C. § 3624(b).  As further noted by Respondent, good conduct credits "can

10 accrue only on the time a prisoner has actually served on his federal sentence."  Schleining v.

11 Thomas, 642 F.3d 1242, 1247 (9ᵗʰ Cir.2011), citing Barber v. Thomas, 130 S.Ct. 2499, 2506-07

12 (2010).  Therefore, Petitioner is not entitled to any good time credits for the time he spent in state

13 custody.  He was awarded the maximum amount of credits, 54 days, for each year of federal custody,

14 for a total of 108 days for the two years actually served.  (Resp't's Answer, Ex. 1, Davis Decl.) He

15 was also awarded credits for future time not yet served for a projected total of 145 days.  (Resp't's

16 Answer, Ex. 1, Davis Decl.)  The credits awarded for time not yet served was of course contingent

17 on Petitioner's future good behavior.  Regardless, taking all credits into account, Petitioner was

18 given a projected release date of November 24, 2012.  (Resp't's Answer, Ex. 1, Davis Decl.)  As

19 noted above, he is not entitled to any additional credits and therefore not entitled to an earlier release

20 date.  Accordingly, the petition should be denied with prejudice.

21                              **RECOMMENDATION**

22           Accordingly, the Court HEREBY RECOMMENDS that:

23           1) The petition for writ of habeas corpus be DENIED WITH PREJUDICE; and

24           2) The Clerk of Court be DIRECTED to enter judgment.

25           This Findings and Recommendation is submitted to District Judge Anthony W. Ishii pursuant

26 to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the

27 United States District Court, Eastern District of California.  Within thirty (30) days after being

28 served with a copy of this Findings and Recommendation, any party may file written objections with

the Court and serve a copy on all parties.  Such a document should be captioned "Objections to

Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and

filed within ten (10) court days (plus three days if served by mail) after service of the Objections.

The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The

parties are advised that failure to file objections within the specified time may waive the right to

appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:    December 13, 2012**          _____ **/s/ Gary S. Austin** _____
                                         UNITED STATES MAGISTRATE JUDGE